NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 32

No. 2016-017

| State of Vermont | Supreme Court |
| --- | --- |
| | On Appeal from |
| v. | Superior Court, Orleans Unit, |
| | Criminal Division |
| Ronald Carter, Jr. | February Term, 2017 |

Howard E. Van Benthuysen, J.

Jennifer L. Barrett, Orleans County State's Attorney, Newport, and David E. Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **DOOLEY, J.** Defendant Ronald Carter was convicted of domestic assault, 13 V.S.A. § 1042, as a lesser included offense of first degree aggravated domestic assault, 13 V.S.A. § 1043(a)(1). He appeals, arguing that domestic assault is not a lesser included offense of aggravated domestic assault when defendant is charged with inflicting serious bodily injury by strangulation. We disagree that the inclusion of the lesser included offense was improper and affirm.

¶ 2. On July 21, 2015, complainant called 911 to report that defendant assaulted her while they were living together in a tent. State police responded to the call. The trooper assigned to investigate complainant's report noticed red marks around complainant's neck and faded

bruising around one of her eyes. Complainant told the trooper that she was sleeping in the tent she shared with defendant when defendant entered the tent, shouted at her, and then climbed on top of her and began choking her by placing his hands around her neck. She also said that the bruising around her eye was a result of defendant punching her about a week earlier.

¶ 3. The State charged defendant with one count of first degree aggravated domestic assault in violation of 13 V.S.A. § 1043(a)(1) for recklessly causing serious bodily injury to complainant, a household member, and one count of second degree aggravated domestic assault in violation of 13 V.S.A. § 1044(a)(2)(B) for recklessly causing bodily injury to complainant, a household member, while having a prior conviction for domestic assault. The first count related to the alleged choking and the second to the earlier alleged assault that resulted in bruising around complainant's eye. At the jury trial that followed, complainant repeated the allegations she had made to the trooper who initially responded to her 911 call. With respect to the first count, she testified that defendant choked her for thirty seconds to one minute, it caused her pain, she felt dizzy and out of breath, she thought she was going to lose consciousness, and she was afraid defendant was going to kill her.

¶ 4. At the charge conference, the State asked the court to instruct the jury that it could convict defendant of domestic assault in violation of 13 V.S.A. § 1042 as an alternative lesser included offense of the first degree aggravated domestic assault count. The court agreed and instructed the jury that if it did not find defendant guilty of first degree aggravated domestic assault under 13 V.S.A. § 1043(a)(1) by recklessly causing complainant serious bodily injury, it could alternatively find defendant guilty of domestic assault under 13 V.S.A. § 1042 by recklessly causing complainant bodily injury. The jury found defendant not guilty of first degree aggravated domestic assault, but guilty of the lesser included offense. The jury found defendant not guilty on the second count.

2

¶ 5.     On appeal, defendant argues that the State charged him with first degree aggravated domestic assault by strangulation, that as a matter of law strangulation causes serious bodily injury, and that the jury therefore could not convict defendant of the offense of domestic assault which requires a finding of only bodily injury.  On this basis, defendant argues that he should be acquitted of all charges, the offenses initially charged under 13 V.S.A. § 1043(a)(1) and 13 V.S.A. § 1044(a)(2)(B) because the jury acquitted him of those charges and the lesser included offense because he could not have committed that offense.  As we detail below, we disagree with defendant's characterization of the charges against him.  We do not reach other arguments.

¶ 6.     The issue on appeal is whether the court erred by including in the jury instructions the third count based on the lesser included offense.  We review jury instructions "as a whole," considering the language used by the court in context.  State v. Levitt, 2016 VT 60, ¶ 13, __ Vt. __, 148 A.3d 204.  Here, defendant concedes that he made no objection to the jury instructions after they were delivered to preserve a claim of error on appeal.  In order to preserve a claim of error in a jury instruction, a party must object to the instruction "before the jury retires to consider its verdict, stating distinctly the matter to which objection is made and the ground of the objection." V.R.Cr.P. 30; see also State v. Wheelock, 158 Vt. 302, 306, 609 A.2d 972, 975 (1992) (explaining that "failure to object to an instruction after it is given to the jury is considered a waiver of any error even if the substance of the objection is made known before the jury charge").  Where there has been no objection to the instruction in the trial court as required by Vermont Rule of Criminal Procedure Rule 30, we review only for plain error.  State v. Vuley, 2013 VT 9, ¶ 40, 193 Vt. 622, 70 A.3d 940; V.R.Cr.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").  When reviewing jury instructions for plain error, we consider the instructions against the background of the entire record.  State v. Herrick, 2011 VT 94, ¶ 18, 190 Vt. 292, 30 A.3d 1285.  We will find plain error only if there is an obvious error affecting substantial rights and resulting in prejudice to the defendant, and which

3

must be corrected to protect "the fairness, integrity, or public reputation of judicial proceedings." Id.

¶ 7.     To understand defendant's argument, we first examine the elements of the crime for which defendant was initially charged and then the instructions to the jury with respect to those elements. Thereafter, we examine the elements of the lesser included offense and the jury instructions with respect to those elements.

¶ 8.     Defendant was charged under 13 V.S.A. § 1043(a)(1), according to which "[a] person commits the crime of first degree aggravated domestic assault if the person . . . attempts to cause or willfully or recklessly causes serious bodily injury to a family or household member." Serious bodily injury is defined as:

> (A) bodily injury which creates any of the following:
>     (i) a substantial risk of death;
>     (ii) a substantial loss or impairment of the function of any bodily member or organ;
>     (iii) a substantial impairment of health; or
>     (iv) substantial disfigurement; or
> (B) strangulation by intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person.

13 V.S.A. § 1021(a)(2). Before defendant's trial began, the court questioned the State regarding the exact charge against defendant, including whether the State's theory was that defendant intended to cause serious bodily injury, acted willfully, or acted recklessly. The State clarified that defendant was specifically charged with recklessly causing serious bodily injury to the complainant. The State did not identify the provision of the serious bodily injury definition it sought to prove—that is, it did not specify which subsection of 13 V.S.A. § 1021(a)(2) applied. Specifically, it did not say that it charged serious bodily injury by strangulation as provided in 13 V.S.A. § 1021(a)(2)(B). The court subsequently read the charge to the jury as follows: "[T]hat [defendant] recklessly caused serious bodily injury to a household member."

4

¶ 9.     As noted above, during the charge conference the State asked for a lesser included offense instruction permitting the jury to find defendant guilty of domestic assault under 13 V.S.A. § 1042 if it did not find defendant guilty of first degree aggravated domestic assault.  Section 1042 penalizes "[a]ny person who attempts to cause or willfully or recklessly causes bodily injury." Bodily injury is defined as "physical pain, illness or any impairment of physical condition."  13 V.S.A. § 1021(a)(1).

¶ 10.     A lesser included offense instruction is appropriate where the lesser offense is "necessarily included in the offense charged."  V.R.Cr.P. 31(c).  More specifically, "[a]n offense is considered lesser included when it is composed of some, but not all, elements of the greater offense and does not have any element not included in the greater offense."  State v. Myers, 2011 VT 43, ¶ 19, 190 Vt. 29, 26 A.3d 9 (quotation omitted).

¶ 11.     In this case, the trial court listed the elements of the initial charge against defendant under 13 V.S.A. § 1043(a)(1) as: (1) defendant committed the acts alleged; (2) defendant "caused serious bodily injury to [complainant] by choking her"; (3) defendant acted recklessly; and (4) complainant was a household member of defendant.  The court defined serious bodily injury according to familiar statutory language: "[B]odily injury which creates a substantial risk of death or which causes substantial loss or impairment of the function of any bodily member or organ, or substantial impairment of health, or substantial disfigurement."  The court went on to explain, however, that "[a]n example of serious bodily injury is strangulation by intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person."  The court also defined recklessness for the jury, stating that "[a] person acts recklessly if he acts without regard to the possible consequences of his actions" and that defendant acted recklessly "if he consciously ignored a known substantial and unreasonable risk that his conduct would cause her serious bodily injury."

5

¶ 12. The court listed the elements of the lesser included offense as: (1) defendant committed the acts alleged; (2) defendant caused complainant bodily injury; (3) defendant acted recklessly; and (4) complainant was a household member of defendant. The court defined bodily injury exactly according to its statutory definition—"any physical pain, illness or any impairment of physical condition"—and explained that the State alleged that defendant caused complainant bodily injury by "grabbing her neck and causing her pain."

¶ 13. The court's instruction on the initial charge against defendant and the lesser included offense are the same, except with respect to the injury element. For aggravated domestic assault defendant's acts must cause serious bodily injury; for domestic assault, they must cause only bodily injury. Normally, the latter would be a lesser included offense of the former because the latter requires a lesser degree of injury than the former and has no other element not in the former. See Myers, 2011 VT 43, ¶ 19.

¶ 14. This brings us to defendant's argument. Defendant argues that however the case was charged, the jury instruction defined the first degree aggravated domestic assault charge as serious bodily injury by strangulation. Defendant further argues that under the statute strangulation causes serious bodily injury as a matter of law and, if the charge is based on strangulation, then the jury no longer must find one of the results contained in § 1021(a)(2)(A)(i) through (iv). Therefore, defendant claims, the results of strangulation cannot be bodily injury, the required element of domestic assault. Put another way, defendant claims there is no such crime as domestic assault by strangulation. Defendant makes the same argument with respect to the use of the term "choking."

¶ 15. Defendant's argument is largely created by the decision of the court to add a sentence about strangulation as an example of serious bodily injury. We recognize that the inclusion of the added language was unwise and potentially confusing because the State did not seek to prove serious bodily injury by establishing that defendant strangled complainant and the

6

court charged that the jury must find one of the results in § 1201(a)(2)(A)(i) through (iv) to determine that defendant's act caused serious bodily injury. Moreover, under the statutory definition strangulation involves conduct "<u>intentionally</u> impeding normal breathing or circulation of the blood," a mental element greater than the recklessness the State charged in its information and on which the court instructed the jury. 13 V.S.A. § 1021(a)(2)(B) (emphasis added).

¶ 16.   For three reasons, however, we do not conclude that the added language constituted plain error, if error at all. First, we conclude that the State could charge that defendant committed the crime of first degree aggravated domestic assault without charging that serious bodily injury was the result of strangulation as defined in the statute. The alternative definition of serious bodily injury by strangulation was added to the statute in 2006, but did not replace the preexisting elements of the crime if the State chose to charge the crime in that way. See 2005, No. 192 (Adj. Sess.), § 6. Thus, even though the State alleged in this case that defendant's act caused serious bodily injury by choking, it did not charge, and did not have to charge, that strangulation occurred.

¶ 17.   Second, the court clearly instructed the jury that, in order to convict defendant of first degree aggravated domestic assault, it had to find reckless conduct and one of the four results specified in the statutory definition of serious bodily injury—"a substantial risk of death; a substantial loss or impairment of the function of any bodily member or organ; a substantial impairment of health; or substantial disfigurement." 13 V.S.A. § 1021(a)(2)(a)(i)-(iv). It did not instruct the jury that it had to find strangulation or could dispense with the requirement that it find one of the four results in the definition of serious bodily injury. As stated above, defendant's theory is based on the proposition that if the jury found that strangulation occurred it no longer had to consider the alternative definitions of serious bodily injury. That proposition is not true in this case because the State did not charge this as a strangulation case and the court instructed the jury that it had to find one of the alternative definitions of serious bodily harm. Defendant does not argue that the instructions were erroneous in this respect.

7

¶ 18. Third, the mental elements of first degree aggravated domestic assault and domestic assault are different even under defendant's theory of what occurred. As noted above, strangulation is described as conduct that "intentionally [impedes] normal breathing or circulation of the blood." 13 V.S.A. § 1021(2)(B). In comparison, the mental element charged for the lesser included offense of domestic assault was recklessness. The mental elements are not the same, and the mental element for domestic assault is lesser than that for first degree aggravated assault even when the State alleges strangulation. See Myers, 2011 VT 43, ¶ 19. For this reason, domestic assault was a proper lesser included offense of first degree aggravated domestic assault in this case.

Affirmed.

FOR THE COURT:

_____
Associate Justice